UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

RUPINDER SINGH DHINDSA,                 )
                                        )
                Petitioner,             )
                                        )
        v.                              )   Case No. 2:26-cv-202
                                        )
GREG HALE, IN HIS OFFICIAL              )
CAPACITY AS SUPERINTENDENT,             )
NORTHWEST STATE CORRECTIONAL            )
FACILITY; DAVID WESLING, IN HIS         )
OFFICIAL CAPACITY AS ACTING FIELD       )
OFFICE DIRECTOR, BOSTON FIELD           )
OFFICE, U.S. IMMIGRATION AND            )
CUSTOMS ENFORCEMENT; AND                )
MARKWAYNE MULLIN, IN HIS OFFICIAL       )
CAPACITY AS SECRETARY OF THE U.S.       )
DEPARTMENT OF HOMELAND SECURITY,        )
                                        )
                Respondents.            )
                                        )

**OPINION AND ORDER**

Petitioner RUPINDER SINGH DHINDSA ("Dhindsa" or

"Petitioner") filed a petition for a writ of habeas corpus.  He

names Greg Hale, in his official capacity as Superintendent,

Northwest State Correctional Facility; David Wesling, in his

official capacity as Acting Field Office Director, Boston Field

Office, U.S. Immigration and Customs Enforcement; and Markwayne

Mullin, in his official capacity as Secretary of the U.S.

Department of Homeland Security ("Respondents").  For the

reasons set forth below, the Petition is DENIED.

## I.   **Factual Background**

Petitioner is a noncitizen and a native and citizen of India.  ECF No. 1 at 2.  Previously, he entered the United States without inspection on March 10, 2013.  *Id.*  On April 23, 2013, "he was issued a Notice to Appear before an Immigration Judge to show cause why he shouldn't be removed."  *Id.*  In 2016, his removal proceedings were administratively closed and that same year he departed the United States.  *Id.; see also* ECF No. 7 at 2.

On May 26, 2026, Petitioner returned to the United States and was apprehended by Border Patrol Agents.  *Id.*  Both parties refer to an affidavit of a U.S. Border Patrol Agent filed in Petitioner's separate criminal case, which describes the circumstances of Petitioner's detention and arrest:

- On May 28, 2026, at approximately 1:30 a.m., Border Patrol Agents first received notification that multiple individuals were observed on a Border Patrol detection system crossing the United States/Canada international border in the vicinity of Alburgh, Vermont.

- A short time later, Border Patrol Agents positioned themselves near the area and, shortly after 5:45 a.m., located individuals including Petitioner "attempting to conceal themselves by crouching in the wooded area and covering their faces."  The Agents questioned the

individuals and they "freely admitted to being citizens of India without proper documentation to be in the United States legally."

*See United States v. Dhindsa, et al.,* No. 2:26-mj-00097-kjd, Doc. 1-1.  That same day, Customs and Border Protection issued and served a "Determination of Inadmissibility" and "Order of Removal" which ordered Petitioner removed from the United States under 8 U.S.C. § 1225(b)(1).  ECF No. 7-1; *see also* ECF No. 10 at 3.

The next day (May 29, 2026), the United States charged Petitioner with illegal entry in violation of 8 U.S.C. § 1325(a)(1).  On June 5, 2026, Petitioner pleaded guilty and Magistrate Judge Kevin Doyle sentenced him to time served.  *See United States v. Dhindsa, et al.,* No. 2:26-mj-00097-kjd, ECF No. 28.

Petitioner remains detained under 8 U.S.C. § 1225(b)(1) at the Northwest State Correctional Facility in St. Albans, Vermont.  He filed a Petition for Writ of Habeas Corpus on June 13, 2026; the Respondents filed a response on June 17, 2026; Petitioner filed a reply on June 21, 2026 and the parties then filed a joint motion to waive a status conference set by the Court.  The parties ask the Court to decide the petition on the already-filed briefs alone.  ECF No. 13.

## II.  Discussion

Petitioner "maintains that he is being unlawfully detained because he has not been and will not be provided an opportunity to apply for release in which the burden will be upon the government to prove by clear and convincing evidence that he is either a flight risk or a danger to the community."  ECF No. 1 at 1.  He requests immediate release or, in the alternative, an individualized bond hearing before an immigration judge.  *Id.* at 8.

Respondents argue that Petitioner is properly detained and subject to expedited removal under 8 U.S.C. § 1225(b)(1),[1] because "[u]pon encountering him at the United States/Canada

---

[1] In *Da Cunha v. Freden*, the Second Circuit described the statutory "tiered scheme" of detention and removal:

> Noncitizens who just arrived without documentation or who misrepresented themselves are subject to expedited removal and must be detained.  8 U.S.C. § 1225(b)(1)(A)(i).  Noncitizens who snuck across the border less than two years ago may be treated the same way, but only if so designated by the Attorney General.  *Id.* § 1225(b)(1)(A)(iii).  Noncitizens who present themselves to immigration officials at the border but are likely inadmissible for reasons other than a lack of documentation or misrepresentation must be detained, but they get full (not expedited) removal proceedings.  *Id.* § 1225(b)(2)(A).  Finally, noncitizens who have been in the United States for more than two years get full removal proceedings, may be detained, and may be granted release on bond or conditional parole, *id.* § 1226(a), unless they have committed certain crimes, *id.* § 1226(c).

*Barbosa Da Cunha v. Freden*, 175 F.4th 61, 85 (2d Cir. 2026).

border (outside a designated port of entry), CBP determined Petitioner was inadmissible because he lacked a valid entry document and issued an order of expedited removal pursuant to Section 1225(b)(1)."  ECF No. 7 at 4.  Petitioner replies that at the time he was apprehended by Border Patrol Agents, he had already "entered" the United States and, therefore, "the Due Process clause entitles him to a pre-deprivation hearing before he can be detained[.]"  *Id.*

In *Zadvydas v. Davis*, the Supreme Court explained that "[t]he distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law" where it is "well established that certain constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders."  533 U.S. 678, 693 (2001).  The Court held that "once an alien enters the country, the legal circumstances change, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.*  In 2020, the Supreme Court held in *Department of Homeland Security v. Thuraissigiam* that someone apprehended 25 yards across the border was "on the threshold" and could not have been said to have "effected an entry" as defined in *Zadvydas.*  591 U.S. 103, 139-140 (2020).  The Court reasoned that:

5

> While aliens who have established connections in this country have due process rights in deportation proceedings, the Court long ago held that Congress is entitled to set the conditions for an alien's lawful entry into this country and that, as a result, an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause . . . . Respondent attempted to enter the country illegally and was apprehended just 25 yards from the border. He therefore has no entitlement to procedural rights other than those afforded by statute.

*Id.* at 107 (internal citation omitted).

Petitioner argues that "there is no indication that *Thuraissigiam* intended to overrule *Zadvydas*," ECF No. 10 at 1, but does not otherwise explain how his circumstances differ significantly from *Thuraissigiam*. The Court finds that they do not. Though Petitioner may have made it slightly further into the United States than 25 yards, *Thuraissigiam* still controls. Petitioner was at the threshold of initial entry, and he is entitled to neither immediate release nor an individualized bond hearing before an immigration judge.

## III. Conclusion

For the reasons set forth above, Petitioner's Petition for a Writ of Habeas Corpus is DENIED. Accordingly, the Court vacates its Temporary Restraining Order dated June 15, 2026 (ECF No. 4).

DATED at Burlington, in the District of Vermont, this 22nd day of June 2026.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge